IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Avery Mosley, #261439, *aka* Avery Mosely, )<br>                                                              )<br>                              Petitioner,       )<br>                                                              )<br>vs.                                                         )<br>                                                              )<br>                                                              )<br>Cecilia Reynolds, Warden of Kershaw  )<br>Correctional Institution,                        )<br>                                                              )<br>                              Respondent.     )<br>_____ ) | Civil Action No. 3:07-589-HFF-JRM<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

      Petitioner, Avery Mosley ("Mosley"), is an inmate at the South Carolina Department of Corrections. He filed a pro se petition for a writ of habeas corpus on February 28, 2007. Respondent filed a return and motion for summary judgment on April 27, 2007. Because Mosley is pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on May 8, 2007. Petitioner filed a response on May 9, 2007.

      The record shows that Mosley pled guilty in Richland County to criminal sexual conduct in the second degree ("CSC") and assault and battery of a high and aggravated nature ("ABHAN") on September 28, 1999. He was sentenced by the Honorable L. Casey Manning to 20 years imprisonment, suspended upon service of 4 years followed by 4 years of probation for CSC. Judge Manning also sentenced Mosley to 10 years imprisonment, suspended on service of 4 years, with 4 years of probation for ABHAN. The sentences were concurrent. (Res. Mem., Ex. 1, 35-36).

      Mosley filed a direct appeal but it was dismissed by Order of the South Carolina Court of Appeals dated October 14, 1999 for failure to comply with the Court's procedural rules. (Res. Mem., Ex. 2). The Remittitur was received by Richland County Clerk of Court on November 2, 1999. (Res. Mem., Ex. 3).

Mosley filed his first application for post-conviction relief ("PCR") on February 8, 2001. He alleged violations of his right to due process, ineffective assistance of counsel, and his right to a speedy trial. (Res. Mem., Ex. 4). On July 26, 2001, Mosley filed an affidavit asking to withdraw his PCR. (Res. Mem., Ex. 6). The action was dismissed with prejudice on July 26, 2001. (Res. Mem., Ex. 7).

At a hearing on July 15, 2005, Mosley's probation was revoked in full by the Honorable Reginald I. Lloyd. (Res. Mem., Ex. 8). He has a "maxout date" of April 5, 2008. (Res. Mem., Ex. 14). Mosley filed his second PCR on October 11, 2005. (Res. Mem., Ex. 9). He alleged ineffective assistance of counsel and denial of due process. An evidentiary hearing was held before the Honorable James R. Barber, III on February 27, 2007. No testimony was taken, Judge Barber asked for briefing, and an evidentiary hearing was to be scheduled at a later time. Mosley is represented by Charlie J. Johnson, Jr., Exquire in connection with this PCR. On February 28, 2007, Mosley wrote the Court indicating, *inter alila*, that he wished to present, and have the Court rule on, other issues. (Res. Mem., Ex. 11). The case was continued to give "Applicant the opportunity to present all claims." (Res. Mem., Ex. 12).

Mosley filed his § 2254 petition in this court on February 27, 2007, the day before his initial hearing on his PCR in state court. In his petition, Mosley asserts the following grounds for relief:

> GROUND ONE:            Ineffective assistance of counsel.
>
> SUPPORTING FACTS:      Counsel fail[ed] to file motions or appeal the decision made by the Petitioner, that the Courts lack subject matter jurisdiction and that the courts violated Petitioner's due process rights.
>
> GROUND TWO:            Violation of due process rights.

|  |  |
|---|---|
| SUPPORTING FACTS: | By revoking probation that petitioner had and should not of had because probation department rescinded the petitioner's violent probation and community supervision which ran concurrent with the non-violent probation which the violent probation sentence has already expired due to the time spent in the behavioral treatment program. |
| GROUND THREE: | Subject matter jurisdiction. |
| SUPPORTING FACTS: | The courts did not have jurisdiction to accept the plea because the offenses were not the lesser included offense of the respective greater offenses. |

Mosley recognizes in his petition that he has not exhausted his state remedies but asserts that exhaustion should be waived due to the "State's excessive and inordinate delay in adjudicating and rendering a final decision on the merits for post conviction relief."

This Court received correspondence from Mosley on June 14, 2007 indicating that an evidentiary hearing was held before the Honorable J. Michelle Childs on June 6, 2007. Mosley and a member of the Richland County Public Defender's office testified. Mosley's attorney was given leave to file a memorandum. Mosley considers this hearing to have been a "staged event."

Respondent does not address Mosley's grounds for relief on their merits, but asserts that the petition should be dismissed for failure to exhaust state remedies. Mosley argues that exhaustion should be waived in the circumstances of his case.

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

>   (b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>>   (A)   the applicant has exhausted the remedies available in the courts of the State; or
>>
>>   (B)(i)   there is either an absence of available State corrective process; or
>>
>>   (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>   (2)   An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
>   (3)   A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
>   (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

>   The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue is by filing an application for post-conviction relief ("PCR"). See S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[1] If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. See Rose v. Lundy, supra.

The exhaustion requirement may be excused in certain circumstances–one of which is inordinate delay on the part of the state which renders th PCR process ineffective. See Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir. 1986) (forty-two month delay excused exhaustion).

---

[1] In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

However, the delay must be attributable to the state's procedures and not the actions of the applicant in order to excuse the delay. Farmer v. Circuit Court, 31 F.3d 219, 222 (4th Cir. 1994) (delay caused by applicant's escape from custody). In the Fourth Circuit, it appears that "the length of delay is not a determinative factor when some of the delay is attributable to [applicant]." Walkup v. Haines, 2005 WL 2428163, *3 (S.D.W.Va. 2005) citing Matthews v. Evatt, 51 F.3d 267, n.*. (4th Cir. 1995) (unpublished).

Mosley filed his present petition approximately 16 months after he filed his second PCR. However, that case is not dormant. Mosley has attended two hearings and the matter appears to be under advisement before Judge Childs. The undersigned concludes that the period of delay in Mosley's PCR case does not excuse exhaustion. See Francis v. McMaster. 2006 WL 1663795 (D.S.C. 2006) (two and one half year period not inordinate delay) and Walkup v. Haines, 2005 WL 2428163 (S.D.W.Va. 2005) (three year delay not per se unconstitutional).

## **Conclusion**

Petitioner has viable state options to pursue his claims. This court should not interfere with that process. Therefore, it is recommended that the petition be dismissed without prejudice.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

August 14, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).