

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| AVERY MOSLEY, | § |
| | § |
| Petitioner, | § |
| | § |
| vs. | § CIVIL ACTION NO. 3:07-589-HFF-JRM |
| | § |
| CECILIA B. REYNOLDS, Warden, Kershaw Correctional Institution, | § |
| | § |
| | § |
| Respondent. | § |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is proceeding pro se. The matter is before the Court for review of the United States Magistrate Judge's Report and Recommendation (Report) suggesting that the petition be dismissed, *without prejudice*. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 DSC.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 15, 2007, and the Clerk entered Petitioner's objections on August 24, 2007.

The Magistrate Judge recommended dismissing the petition because Petitioner had viable state options to pursue his claims. At the time the Report was filed, the information before the Magistrate Judge indicated that Petitioner's second PCR application was pending in the state court. The Court has since learned that Petitioner's second PCR application was denied on June 28, 2007.

In his objection memorandum, Petitioner argues that he has no viable state options to pursue because his second PCR application was denied. However, as stated by the Magistrate Judge,

> [w]hen the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application . . . . If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts."

(Report 5 (citing *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)).) Here, an avenue of state relief remains available because Petitioner can file an appeal in the post-conviction case by filing a petition for writ of certiorari. *See* S.C. Code § 17-27-100.

Accordingly, after a thorough review of the Report, the objections, and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the petition be **DISMISSED**, *without prejudice*.

**IT IS SO ORDERED.**

Signed this 4th day of January, 2008, in Spartanburg, South Carolina.

                                        s/ Henry F. Floyd
                                        HENRY F. FLOYD
                                        UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.